UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KOSS CORPORATION, | ) |
| | ) **CASE NO:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MUZIK LLC, | ) |
| | ) |
| Defendant, | ) |
| | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Koss Corporation hereby sues Defendant Muzik LLC (hereinafter "Muzik") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for the willful infringement of U.S. Patent No. 8,655,420 ("the '420 Patent").

2. Plaintiff Koss Corporation ("Koss") is a pioneer in the business of high-fidelity headphones and audio accessories and, in that connection, developed and patented wireless headphones that use Wi-Fi transmission to introduce personal listening to the Internet.

3. With its recent introduction of Muzik Convertible wireless headphones despite full knowledge of the '420 Patent, Defendant Muzik, LLC ("Muzik") is willfully infringing Koss's '420 Patent.

## THE PARTIES

4. Plaintiff Koss is a corporation existing under the laws of the State of Delaware having its principal place of business located at 4129 North Port Washington Avenue, Milwaukee, Wisconsin 53212.

5. Koss markets a complete line of high-fidelity headphones and audio accessories.

6. Koss introduced the first stereophone in 1958.

7. In 2007, the Wisconsin Historical Society recognized Koss "as the leading U.S. manufacturer of high-fidelity stereophones." *See John C. Koss Receives 2007 'Seymour Cray Award for Distinction in Technology*, WISCONSIN HISTORICAL SOCIETY, *available at* http://www.wisconsinhistory.org/Content.aspx?dsNav=N:4294963828-4294963805&dsRecordDetails=R:CS524.

8. Upon information and belief, Defendant Muzik is a limited liability company existing under the laws of the State of Delaware and having its principal place of business located at 404 Washington Avenue, Suite 700, Miami Beach, Florida 33139. Muzik was founded in 2012.

## JURISDICTION AND VENUE

9. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has general personal jurisdiction over the Defendant under the laws of the State of Florida by virtue of Defendant's systematic and continuous contacts with this jurisdiction. Defendant either resides in this judicial district or conducts business in this judicial district. Moreover, upon information and belief, Defendant, following manufacturing and

testing, intends to sell the products that are the subject of this patent infringement claim in the State of Florida and throughout the United States.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400 because Defendant is subject to personal jurisdiction in this district and has, upon information and belief, committed acts of direct and/or indirect patent infringement in this district, from which this action arises.

## PLAINTIFF'S PATENT

12. In 2012, Koss introduced Wi-Fi-enabled headphones, which were hailed as the first wireless headphones to use Wi-Fi transmission and were credited with "introducing personal listening to the Internet." *See Koss Creates Wireless Headphones for Wi-Fi Music Access*, BIZTIMES.COM (Nov. 12, 2012), *available at* http://www.biztimes.com/2012/11/12/koss-creates-wireless-headphones-for-wi-fi-music-access/.

13. On February 18, 2014, the United States Patent and Trademark Office duly and lawfully issued the '420 Patent, titled "Wireless Earphone Set." The invention disclosed by the '420 Patent relates to, among other things, a wireless earphone set in which at least one of the earphones contains a transceiver circuit for communicating via a wireless network and further includes at least one user control accessible to the user which, upon activation, wirelessly transmits metadata to a remote server connected to the Internet. A copy of the '420 Patent is attached as Exhibit A.

14. Plaintiff is the owner and assignee of all right, title and interest in and to the '420 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

## **DEFENDANT'S PRODUCT**

15. Defendant's websites, www.muzikconnect.com and/or www.muzikofficial.com, advertise Muzik Convertible wireless headphones for eventual sale.

16. Defendant's websites, www.muzikconnect.com and/or www.muzikofficial.com, also advertise a mobile app, the "Muzik App," for use with the Muzik Convertible wireless headphones.

17. The Muzik App is a software application for downloading and execution by a mobile device, such as a smartphone or tablet.

18. Upon information and belief, Defendant has at least used, made, and/or imported the combination of the Muzik Convertible wireless headphone and the Muzik App ("the Accused System") in the United States, including in this District.

19. Each Muzik Convertible wireless headphone comprises a paired set of sound-producing earphones designed to receive and play digital audio content through an acoustic transducer in each earphone.

20. Below is an excerpt from Defendant's website, www.muzikconnect.com/products/muzik-convertible/, as of the date of this Complaint, showing that each Muzik Convertible wireless headphone includes two—left and right—earphones. Each of the two earphones shown in Figure 1 below includes at least one acoustic transducer.



**Figure 1**

21. The Muzik Convertible wireless headphone includes Bluetooth circuitry that allows the Muzik Convertible wireless headphone to receive digital audio content from a mobile device, such as the user's smartphone or tablet, via a Bluetooth wireless connection.

22. The Muzik Convertible wireless headphone includes a number of user controls located on the exterior of at least one of the earphones.

23. Below is another excerpt from the same webpage of the Defendant, www.muzikconnect.com/products/muzik-convertible/, as of the date of this Complaint, describing the user-controls, which are referred to as "Hot Keys" by the Defendant's website.



**Figure 2**

24. A user of the Muzik Convertible wireless headphone can program the Muzik Convertible wireless headphone, through the Muzik App, so that when a particular one of the exterior user controls is activated, metadata related to a song being played by the Muzik Convertible wireless headphone are transmitted via a wireless network to an Internet-based social networking platform, such as Twitter or Facebook.

25. The right-hand side of Figure 2 above shows that the Hot Keys of the Muzik Convertible headphones can be programmed to "Share Song to Facebook."

26. Social networking platforms, such as Twitter and Facebook, include servers connected to the Internet that are remote from the Muzik Convertible wireless headphones.

27. Defendant instructs users of its Muzik Convertible wireless headphones how to program the Muzik Convertible wireless headphones so that metadata related to the song being played by the Muzik Convertible wireless headphone is transmitted wirelessly to an Internet-based social networking platform, such as Twitter or Facebook.

6

28. Below is another excerpt from the same webpage of the Defendant, www.muzikconnect.com/products/muzik-convertible/, as of the date of this Complaint, describing the "Muzik App."

> **Get the Muzik App**
>
> Download our free Muzik app in the App Store to unlock the full power of the headphones, get set up, program your Hot Keys, connect with friends and followers, and get more out of music.

29. Upon information and belief, the Muzik App can be downloaded by a user of the Muzik Convertible headphones from an app store to the user's smartphone or table computer.

30. Upon information and belief, the Muzik App instructs a user of the app to program their Muzik Convertible headphones to "Share song to Facebook" using the Hot Keys.

31. Upon information and belief, Defendant has used the Accused System, or similar products, in the United States with the intention of selling the Accused System or similar products throughout the United States.

## DEFENDANT'S KNOWLEDGE OF THE '420 PATENT

32. On March 14, 2014, Koss's counsel sent, by email, a letter to Defendant regarding the '420 Patent, explaining that the '420 Patent is generally directed to a user control that when activated causes metadata about a song being played by the headphones to a remote server via a wireless network.

33. On May 28, 2014, Defendant's counsel contacted Koss's counsel that it had received the March 14, 2014 letter and was evaluating the '420 Patent.

34. On December 9, 2014, Koss's counsel provided Defendant's counsel with additional information describing Muzik's infringement of the '420 Patent.

35. Counsel for Koss and Defendant last communicated about the '420 Patent on March 31, 2015. Defendant's counsel has not responded to communications from Koss's counsel since that date.

36. Consequently, Defendant has been aware of the '420 Patent at least as early as May 28, 2014, but nonetheless has continued to infringe the '420 Patent.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 8,655,420

37. Paragraphs 1–36 are reincorporated by reference as if fully set forth herein.

38. Defendant is now and/or has been directly and/or indirectly infringing the '420 Patent, literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, et seq., by, without permission or authority from Koss, selling, offering to sell, making, using, importing and/or inducing others to use and sell within the United States, including this district, products and/or components of products and/or services that infringe at least claim 1 of the '420 Patent.

39. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '420 Patent by making, using, offering for sale, selling and/or importing the Accused System and any similar products without authority in or into the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '420 Patent, Plaintiff Koss has been and continues to be damaged.

40. Defendant has indirectly infringed and continues to indirectly infringe at least claim 1 of the '420 Patent by actively inducing its respective users of the Accused System or

similar products to directly infringe at least claim 1 of the '420 Patent by, among other things, providing Accused System to users thereof with instructions on programming the Muzik Convertible wireless headphones so that metadata about a song being played by the Muzik Convertible wireless headphone is sent wirelessly to an Internet-based social networking platform. Defendant engaged or will have engaged in such inducement having knowledge of the '420 Patent at least as early as May 28, 2014. Furthermore, Defendant knew or should have known that its action would induce direct infringement by the users of the Accused System or similar products, and intended that its actions would induce direct infringement by such users. As a direct and proximate result of Defendant's indirect infringement by inducement of the '420 Patent, Plaintiff Koss has been and continues to be damaged.

41. By engaging in the conduct described herein, Defendant has injured Koss and is thus liable for infringement of the '420 Patent, pursuant to 35 U.S.C. § 271.

42. Defendant has committed these acts of infringement without license or authorization.

43. Defendant has committed these acts of infringement with knowledge of the '420 Patent and thus has acted recklessly and willfully with regard to Koss's rights in the '420 Patent.

44. As a result of Defendant's willful infringement of the '420 Patent, Koss has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with enhanced damages, attorneys' fees, interests and costs.

45. Plaintiff Koss will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Koss is entitled to compensation for any

continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Koss Corporation prays for the following relief:

1. That Defendant be adjudged to have infringed the '420 Patent, directly, indirectly, and/or by way of inducement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '420 Patent;

3. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Koss for Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

5. That Defendant be directed to pay enhanced damages under 35 U.S.C. § 284 and Koss' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

6. That Koss have such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Koss Corporation demands a trial by jury of any and all causes of action.

Dated:  May 27, 2016                                                        Respectfully submitted,

                                                                                                   */s/ Jonathan B. Morton*
                                                                                                   JONATHAN B. MORTON
                                                                                                   Florida Bar Number:  956872
                                                                                                   K&L GATES LLP
                                                                                                   200 South Biscayne Boulevard
                                                                                                   Miami, Florida 33131
                                                                                                   Telephone:  (305) 539-3357
                                                                                                   E-mail: jonathan.morton@klgates.com

OF COUNSEL:
Patrick J. McElhinny (proposed *pro hac vice*)
Mark G. Knedeisen (proposed *pro hac vice*)
Christopher M. Verdini (proposed *pro hac vice*)
K&L Gates LLP
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone:  (412) 355-6500